IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW AUSTIN, | ) | CASE NO. 4:20 CV 628 |
| Petitioner, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| WARDEN TIM BUCHANAN, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

**I.     Introduction**

*Pro se* petitioner Andrew Austin ("Austin" or "Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 regarding his conviction in the Trumbull County Court of Common Pleas, 2017-CR-524, for rape and gross sexual imposition. (Docket #1 ("Petition")).

For the reasons that follow, the Petition is dismissed.

**II.    Background**

The factual and procedural background of this case has been detailed by Ohio's Eleventh District Court of Appeals. *See State v. Austin*, No. 2018-T-0058, 2019 WL 3412303 (Ohio Ct. App. July 29, 2019). On appeal, Austin argued that the trial court erred in denying his motion to withdraw his guilty plea but the Court of Appeals affirmed the judgment of the trial court. *Id.* at *5. The Ohio Supreme Court declined jurisdiction. *State v. Austin*, 134 N.E.3d 204 (Table) (2019).

### III. Standard of Review

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. In *Williams v. Taylor,* the Supreme Court provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied-the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor,* 529 U.S. 362, 412-13 (2002); *see also Lorraine v. Coyle,* 291 F.3d 416, 421-422 (6th Cir. 2002) (same), *cert. denied,* 538 U.S. 947 (2003).

Habeas Corpus Rule 2(c) governs the pleading standard for § 2254 habeas petitions. That rule requires that the petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Habeas Corpus Rules Governing § 2254 Cases, Rule 2(c). As with all *pro se* pleadings, *pro se* petitions must be liberally construed. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). But the pleading standard under Habeas Corpus Rule 2(c) "is more demanding" than Fed. R. Civ. P. 8(a), which governs the pleading standard in non-habeas civil proceedings. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (citing among authority Advisory Committee's Note on Habeas Corpus Rule 4 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error.") (internal quotation marks omitted)).

### IV. Discussion

The instant Petition neither specifies a single ground for relief nor states any facts in support of the Petition. Habeas Rule 2(c) requires the § 2254 petition to specify all grounds for relief and to "state facts that point to a real possibility of constitutional error." *Dunlap v. Warden, Franklin Med. Ctr.*, No. 2:14-CV-1991, 2014 WL 5343471, at *1 (S.D. Ohio Oct. 20, 2014) (internal quotation marks omitted) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977)).

"Dismissal under Rule 2(c) is appropriate in cases where, as here, it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication." *Reynolds v. Warden, Lebanon Corr. Inst.*, No. 2:19-CV-3495, 2019 WL 4862060, at *2 (S.D. Ohio Sept. 9, 2019) (citations omitted), report and recommendation adopted, No. 2:19-CV-3495, 2019 WL 4861377 (S.D. Ohio Oct. 2, 2019); *Roberts v. Wainwright*, No. 1:18 CV 2228, 2019 WL 2341200, at *2 (N.D. Ohio June 3, 2019) (Petition that does not satisfy the pleading requirements of Rule 2(c) is subject to dismissal on that basis alone.) (citing *Blackledge*, 431 U.S. at 76); *Davis v. Bobby*, No. 4:07-CV-02837, 2008 WL 339457, at *2 (N.D. Ohio Feb. 5, 2008) (dismissing § 2254 petition as insufficient where it fails to set forth a distinct constitutional claim or the facts supporting the claim).

Even with the benefit of liberal construction, the Court is unable to decipher the nature of Petitioner's grounds for relief or to discern facts which support "a real possibility of constitutional error" and the Court is not required to construct claims on Petitioner's behalf. *Roberts*, 2019 WL 2341200, at *2 ("While the court is required to liberally and actively construe the Petition, the court is not required to construct claims on Petitioner's behalf.") (citing *Erwin*,

22 F. App'x at 580 (citations omitted)). Accordingly, the Petition fails to set forth a claim for habeas corpus relief and is dismissed.

V.  **Conclusion**

For all of the foregoing reasons, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

This case is hereby TERMINATED.

**IT IS SO ORDERED.**

_____
DONALD C. NUGENT
United States District Judge

DATED: April 23, 2020